UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAMON STEPP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-04574-JMS-TAB |
| ) | |
| INDIANAPOLIS PUBLIC TRANSPORTATION ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON DEFENDANT'S MOTION TO RECONSIDER**

Before the Court is Defendant Indianapolis Public Transportation Corporation's motion [Filing No. 50] to reconsider the Court's December 31, 2020, order [Filing No. 44], which denied both parties' motions to enforce settlement agreements and the parties' motions to maintain documents containing the terms of the purported settlement under seal. Defendant seeks to have the Court reconsider the portion of the Court's earlier order denying the motions to maintain the terms under seal and ordering the Clerk to unseal Filing Nos. 38, 38-1, 41, and 41-1. [Filing No. 50, at ECF p. 1.]

A motion to reconsider is appropriate where a movant demonstrates a manifest error of law or fact. *See, e.g.*, *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) (To be within a mile of being granted, a motion for reconsideration has to give the tribunal to which it is addressed a reason for changing its mind. Such a motion is a request that the [Court] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." (Internal quotation omitted)); *Davis v. Carmel Clay Schs.*, 286 F.R.D. 411, 412 (S.D. Ind. 2012) ("Motions to reconsider serve a limited function, to be used

where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. The parties may not introduce evidence previously available but unused in the prior proceeding or tender new legal theories. A court may grant a motion to reconsider where the movant demonstrates a manifest error of law or fact." (Internal citations and quotation marks omitted)).

Defendant's arguments fall short of this standard. Defendant recites the Court's reasoning for denying the requests to seal these documents. [Filing No. 50, at ECF p. 4.] The Court stated that it could not properly evaluate the purported agreement sought to be enforced without knowing its terms, which required review and analysis of the entirety of the exhibits and motions filed by the parties. [Filing No. 44, at ECF p. 3.] However, Defendant argues that "[t]he fact that a court must look at exhibits or documents that are sealed does not provide a basis for unsealing said exhibits or documents." [Filing No. 50, at ECF p. 4.] Defendant downplays the Court's analysis of the underlying documents containing the purported settlement terms. The parties presented divergent recitations of the terms. Therefore, the Court had to critically review the documents provided by each side and determine whether the parties came to a meeting of the minds on the material components of a settlement and had an enforceable agreement. Ultimately, the documents demonstrated that the parties had many material differences and no enforceable agreement. [Filing No. 44, at ECF p. 9.]

In addition, Defendant generally argues that "[c]ourts in this district have previously issued opinions on matters where some or all of the issues in dispute were not part of the public record." [Filing No. 50, at ECF p. 5.] In support, Defendant cites to *Griffith v. Brannick*, No. 1:17-cv-194-TWP-MJD, 2019 WL 1597948, at *2-7 (S.D. Ind. Apr. 15, 2019), where this Court

2

redacted portions of a publicly available order. *Griffith*, however, is easily distinguishable. *Griffith* involved a spoliation of evidence claim; it had nothing to do with interpreting and enforcing a settlement. *Id*. As the Court noted in its earlier order, while the Court recognizes the confidential nature of settlement agreements, the public has an interest in knowing the terms a federal judge would approve and which the Court has interpreted and enforced. [Filing No. 44, at ECF p. 3-4.]

Alternatively, Defendant argues that the parties did not dispute all the terms of the settlement agreement, focusing predominately on the fact that the parties agreed on the dollar amount of the settlement. [Filing No. 50, at ECF p. 4.] Thus, Defendant asks that the Court allow the dollar amount to be redacted and remain under seal. [Filing No. 50, at ECF p. 4.] On this alternative argument, the Court agrees. The parties' motions and filings indicated that the parties agreed to the amount, so that was not in dispute. Given that both sides agreed to confidentiality, and the Court did not need to evaluate this component of the agreements, the dollar amount may remain under seal.

Therefore, in this limited basis, Defendant's motion to reconsider [Filing No. 50] the Court's earlier order [Filing No. 44] is granted. The Clerk is directed to maintain Filing Nos. 38, 38-1, 41, and 41-1 under seal. Defendant shall file publicly available redacted versions of these agreements, redacting only the references to the dollar amount of the settlement, which was not in dispute, within seven days of this order.

Date: 1/20/2021

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

3

Distribution:

All ECF-registered counsel of record via email

DAMON STEPP
4808 Moorseville Rd.
Indianapolis, IN 46221